IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ARLENE CALBO, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| IDEAL TAX SOLUTION, LLC | : <br> : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : |

Plaintiff Arlene Calbo (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act

of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Ideal Tax Solution, LLC ("Ideal Tax") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3. The recipients of Ideal Tax's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Ideal Tax makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Calbo is and at all times relevant to this action was a Florida resident in this District.

5. Defendant Ideal Tax Solution, LLC is a California limited liability company.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7.  This Court has specific personal jurisdiction over Ideal Tax because the company made telemarketing calls into the District.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Ideal Tax directed the calls at issue to Plaintiff who received them in this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

9.  The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The Florida Telephone Solicitations Act

13. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message

4

when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

14. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

16. Defendant Ideal Tax is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Ideal Tax offers tax relief and debt related services.

18. Plaintiff Calbo's cellular telephone number, (352) 361-XXXX, has been registered with the National Do Not Call Registry since September 2018.

19. In December of 2022, Plaintiff Calbo started receiving unwanted telephonic sales pre-recorded calls from Defendant Ideal Tax to her cell phone regarding its debt relief services.

20. The calls came on at least December 21, 2022 and February 16, 23, March 24, 30, April 6, 14 and May 3, 2023.

21. The calls played a recorded message that included the following:

> We are offering for a limited time stay of enforcement which protects you from any collection activities. I urge you to take advantage of this limited time offer. So please contact me free free consultation, press one. To speak to an agent, press two.

22. The calls were clearly pre-recorded because (a) it asked for an automated "press a button" response (b) it used a singular monotone voice (c) it was a generic message not personalized for the recipient.

23. On May 11, 2023, the Plaintiff called the number back and spoke with Zachary Richner, an employee of the Defendant.

24. Zachary Richner identified himself as an employee of the Defendant.

25. Zachary Richner also sent the Plaintiff a Power of Attorney form to try to create a business relationship with the Plaintiff where the Plaintiff would pay the Defendant to negotiate debt resolution on her behalf.

26. The Plaintiff was not interested and did not sign the form.

27. Plaintiff Calbo has never had any business relationship with the Defendant.

28. Prior to filing this lawsuit, the Plaintiff's attorney wrote to the Defendant, who did not deny making the pre-recorded calls.

29. Plaintiff Calbo was not looking for insurance related products such as the Defendant offers, and has never given her express written consent to Defendant Ideal Tax to place prerecorded telephonic solicitation calls to her cell phone.

30. In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

32. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from July 1, 2021 through class certification.
>
> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to a number on Florida no sales solicitation calls list, (3) from July 1, 2021 through class certification.
>
> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class

certification (1) Defendant called (2) using an artificial or pre-recorded voice.

33. Plaintiff Calbo is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Classes' members.

34. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

39. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;

   (b) whether Defendant used an autodialer or artificial or prerecorded voice to make calls;

   (c) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;

   (d) whether Defendant's conduct constitutes a violation of the TCPA and FTSA; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

42. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff Calbo and the Autodial Class

46. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

48. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

49. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

50. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

51. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

52. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers and/or a recorded message.

53. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation
Act National Do Not Registry Call Class**

54. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

56. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

57. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

58. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

59. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

60. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### Violation of 47 U.S.C. § 227
### On Behalf of Plaintiff Calbo and the Pre-recorded Class

61. Plaintiff repeats and realleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

62. Defendant transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded classes using a pre-recorded voice message.

63. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded classes.

64. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded classes are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using an

autodialer or prerecorded or artificial voice, or to numbers on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and FTSA;

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 14, 2023

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel